IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:10cv826-MHT |
| | ) | (WO) |
| AMERICREDIT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Angela Nails ("Nails"), a frequent *pro se* litigant in this Court, brought this lawsuit against defendant AmeriCredit on September 29, 2010, alleging that AmeriCredit is responsible for "the harassment that occurred on September 2005 when the Plaintiff (sic) credit report shows that the Plaintiff owes to the Defendant over the amount of a payment." (Compl. at 1-2).  It appears from the complaint that Nails alleges that AmeriCredit is breaching its contract with her by charging interest on a closed account.  According to the plaintiff, when the vehicle that was the subject of the account was repossessed by the defendant, the defendant could no longer collect on the account or assess interest on the amount still owed.

Now pending before the court is the defendant's motion to dismiss (doc. # 5) filed on October 20, 2010.  In the motion to dismiss, premised on FED. R. CIV. P. 12(b)(1) and 12(b)(6), the defendant asserts that the court does not have subject matter jurisdiction over the plaintiff's claim.  The plaintiff has filed responses to the motion to dismiss.  *See* Docs.

# 9 & 10. After careful review of the motion and the plaintiff's responses, the court concludes that the defendant's motion to dismiss is due to be granted.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). That is, a federal court has only the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and is required to inquire into its jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Furthermore, the plaintiff is required by FED.R.CIV.P. 8(a)(1) to allege in her complaint "a short and plain statement of the grounds on which the court's jurisdiction depends." *Pro se* plaintiffs are not excused from the requirements of and compliance with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Nails's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132

F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) *overruled on other grounds, Randall v. Scott*, 610 F.3d 701, 706 (2010). Although a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236.

Although Nails alleges that the defendant violated her rights, her complaint fails to adequately establish a factual basis for her claims. A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcraft v. Iqbal*, 566 U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009).

> We take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[]. *Rivell v. Private Health Care Sys., Inc.*., 520 F.3d 1308, 1309 (11th Cir. 2008). We are not, however, required to accept the labels and legal conclusions in the complaint as true. *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

>  555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (stating that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). . . . "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal*, 578 F.3d at 1260 (citing *Iqbal*, 129 S.Ct. at 1950; *Twombly*, 550 U.S. at 561-62, 570, 127 S.Ct. at 1968-69, 1974). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*. 550 U.S. at 557, 127 S.Ct. at 1966-67).

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

Nails's complaint consists of vague allegations that her constitutional rights were somehow violated by the defendant. Although she refers to the Fourth and Fourteenth Amendments and the Code of Federal Regulations, merely labeling a cause of action does not make it so. The plaintiff has alleged no facts that would support a claim under these legal theories.[1] Nails must do more than simply assert that she is entitled to relief. Her complaint

---

[1] Liberally construing Nails's complaint to include a claim against AmeriCredit under 42 U.S.C. § 1983 for a violation of her civil rights, she has, as a matter of law, failed to state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007). No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, Nails must establish that she suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) *whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981) (emphasis added).

   An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). To state a viable claim for relief under § 1983, a plaintiff must assert a "deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Id.* at 49-50. *See also Lowe v. Aldridge,* 958 F.2d 1565, 1572 (11th Cir. 1992); *National Broadcasting Co. v. Communications Workers of America, AFL-CIO,* 860 F.2d 1022, 1026 (11th Cir. 1988); *Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987). There is no allegation that AmeriCredit is anything other than a private business entity; clearly, not a state actor. Thus, any action by AmeriCredit, standing alone, does not

must "possess enough heft to 'sho[w] that [she] is entitled to relief." *Twombly*, 550 U.S. at 557. Nails's complaint is wholly insufficient under *Twombly, supra*.

A review of the complaint demonstrates that Nails asserts a state law claim of breach of contract; she does not assert any viable federal claim.[2] It does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331.

In addition, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. § 1332. A federal district court may also exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U. S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The plaintiff alleges no facts that would indicate that the parties in this case are diverse. Consequently, on the fact

---

constitute an action committed by a person acting under color of state law for the purpose of imposing § 1983 liability against it. *Lowe,* 958 F.2d at 1572.

[2] Even liberally construing the plaintiff's complaint to allege a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681p provides a two year statute of limitations from the date of the plaintiff's discovery of the alleged violation. In her complaint, the plaintiff alleges the 'harassment' occurred in September 2005. (Doc. # 1). In her response to the defendant's motion to dismiss and the court's show cause order, Nails alleges that her credit report has reflected the repossession since 2006. This action was not filed until 2010, clearly beyond the two year statute of limitations period.

of the complaint, it does not appear that this court has federal diversity jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

When the court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." FED R. CIV. P. 12(h)(3). Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss be GRANTED and the plaintiff's claim against the defendant be DISMISSED for lack of subject matter jurisdiction. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 20, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of January 2011.

                                            /s/Charles S. Coody
                                   CHARLES S. COODY
                                   UNITED STATES MAGISTRATE JUDGE